IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY CHONG,<br><br>                  Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA, N.A. AND<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>                  Defendants. | Civ. No. 22-00151 JMS-KJM<br><br>ORDER GRANTING DEFENDANT<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.'S MOTION TO<br>COMPEL ARBITRATION, ECF NO.<br>41 |

## ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL ARBITRATION, ECF NO. 41

Defendant Experian Information Solutions, Inc. ("Experian") moves under 9 U.S.C. § 4 of the Federal Arbitration Act ("FAA") to compel arbitration of claims against Experian brought in this suit by Plaintiff Jeffrey Chong ("Plaintiff") against both Experian and Defendant Bank of America, N.A. ("BANA") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. *See* ECF No. 41 ("Motion to Compel Arbitration").[1]

The parties do not dispute that Plaintiff was enrolled in "CreditWorks," which is affiliated in a relevant manner with Experian, nor that

---

[1] At the October 31, 2022 hearing on the Motion to Compel Arbitration, BANA took no position on Experian's Motion.

Plaintiff's enrollment agreement with CreditWorks contains an arbitration clause. *See, e.g.*, ECF No. 41-2 at 3, PageID.342; *id*. at 5, PageID.344.  Plaintiff also agrees that, given the CreditWorks agreement, at least the arbitrability of the dispute should first be decided by an arbitrator.  *See, e.g.*, ECF No. 49 at 8, PageID.443 ("[Plaintiff] recognizes that under current Ninth Circuit authority such questions [of arbitrability] are to be resolved by the arbitrator.").  Rather, the only question at issue for the Motion to Compel is whether Experian waived the right to arbitrate by acting inconsistently with that right.  *See id.*; *see also* ECF No. 59 at 2, PageID.504.

In the Ninth Circuit (until recently), "[a] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).  On May 23, 2022, however, the Supreme Court eliminated the third element (prejudice).  *See Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712−13 (2022) (holding that, under the FAA, a court may not "condition a waiver of the right to arbitrate on a showing of prejudice").  That is, after *Morgan*, the waiver question is controlled by *Fisher*'s first two elements: (1) "knowledge of an existing right to compel arbitration"; and (2) "acts inconsistent with that existing right." 791 F.2d at 694. *See Morgan*, 142

2

S. Ct. at 1714 ("Stripped of its prejudice requirement," the waiver inquiry focuses on whether a party "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right").

In turn, under the Ninth Circuit's test, "a party acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Newirth by and through Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019). "Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum." *Id.*

Here, Experian did not "actively litigate[] the merits" of the case, and certainly did not litigate "for a prolonged period of time in order to take advantage of being in court." *Id.* Rather, Experian began asserting its right to arbitrate about a month after receiving proper notice of the suit. Specifically, the record indicates that Experian did not receive proper service of the complaint (filed on April 8, 2022) on April 12, 2022, as initially contended by Plaintiff. *See* ECF No. 53-2. Experian did not receive notice of the suit until approximately May 19, 2022, *see* ECF No. 53-1 at 2, PageID.464, after Plaintiff filed a Request for Entry of Default on May 18, 2022, ECF No. 13. Experian then entered an appearance in the action on May 24, 2022, *see* ECF No. 19, and an Answer on June 2, 2022, *see* ECF No.

32.  On June 22, 2022—within a month of entering an appearance—Experian notified Plaintiff of the arbitration clause in the CreditWorks agreement, and Experian began asserting its right to arbitrate by asking Plaintiff to stipulate to arbitrate.  *See* ECF No. 49-2 at 2, PageID.454.  Plaintiff did not stipulate, and Experian filed this Motion to Compel Arbitration on August 8, 2022.  ECF No. 41.[2]  After entering an appearance, Experian did not seek a ruling on anything, much less a ruling on the merits of the case.  It took no action "to take advantage of being in court."  *Newirth*, 931 F.3d at 941.  All it filed in court was (1) a scheduling conference statement (explaining that it did not participate in an initial meeting between Plaintiff and BANA because it was not aware of the suit), ECF 27 at 3–4, PageID.147–48, and (2) a certificate indicating it provided initial disclosures under Rule 26(a)(1), ECF No. 38.

Accordingly, Plaintiff has not met his burden to demonstrate that Experian waived its right to arbitrate by acting inconsistently with that right.  *See*

---

[2] Experian also filed a Motion for Leave to File an Amended Answer, ECF No. 40, which is pending before Magistrate Judge Kenneth Mansfield.  Although Experian did not include the right to arbitrate as an affirmative defense in its Answer, that omission does not preclude it from compelling arbitration here.  *See, e.g.*, *Hill v. Ricoh American Corp.*, 603 F.3d 766, 771 (10th Cir. 2020) (explaining why a defendant is not required by Federal Rule of Civil Procedure 8(c)(1) to demand a right to arbitrate in an answer); *Fisher*, 791 F.2d at 698 ("Nor is waiver established by the fact that [defendant] failed to raise as an affirmative defense the agreement to arbitrate.").  Given the court's ruling here compelling arbitration, the Motion for Leave to File an Amended Answer appears to be moot.

*Newirth*, 931 F.3d at 941.  The court thus GRANTS Experian's Motion to Compel Arbitration.  ECF No. 41.

Under 9 U.S.C. § 3, if a court finds that an issue "is referable to arbitration," a court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" (emphasis added).[3]  An exception to the stay requirement exists if the entire action (as opposed to only some of the claims) is subject to arbitration.  *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014) ("[N]otwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration.").  But that exception does not apply here because Plaintiff has non-arbitrable claims against BANA remaining in the action.  At the October 31, 2022 hearing, counsel for BANA acknowledged that the action should be stayed as to the remaining claims if the court were to compel arbitration as to claims against Experian.  Therefore, the court STAYS the action, pending the results of arbitration against Experian.  In six months (and at six-month intervals thereafter if the arbitration is not completed), Experian is directed

---

[3] Experian's Motion to Compel Arbitration also requests a stay pending arbitration.  *See* ECF No. 41 at 2, PageID.308.

to file a simple status report informing the court of the status of the arbitration proceedings.

Given this stay, the court further orders that the case be administratively closed. *See, e.g.*, *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127, 128 (3d Cir. 2004) (explaining that administrative closings "comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication" and are "an administrative convenience which allows the removal of cases from the [docket] in appropriate situations" (citations omitted)).  This case will be administratively reopened after notification from either Plaintiff or Experian of a final disposition by an arbitrator (e.g., a ruling that claims are not arbitrable, or a decision on the merits of the FCRA claims).  It may also be reopened if necessary for other reasons upon order of the court.  The closing of this case is solely an administrative matter and does not impact, in any manner, any party's rights or obligations, has no impact on any limitation period applicable to this case, and does not require a filing fee to reopen the case.

In sum,

(1) Experian's Motion to Compel Arbitration, ECF No. 41, is GRANTED;

6

(2) the action is STAYED pending arbitration, with Experian to provide a status report at six-month intervals informing the court of the status of the arbitration proceedings; and

(3) the action is ADMINISTRATIVELY CLOSED, pending a final decision on arbitration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 8, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Chong v. Bank of America, et al.*, Civ. No. 22-00151 JMS-KJM, Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration, ECF No. 41